■ In the Matter of Louis Perlman, Respondent, v. Thomas F. McCoy, as State Administrator of the Judicial Conference of the State of New York, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, entered January 25, 1971 in Kings County, in a proceeding under CPLR article 78, which directed that respondent be reclassified to the title of Court Clerk III retroactively to July 1, 1966. This appeal has been transferred from the Appellate Division, Second Department. Respondent was entitled to be reclassified upon the basis of the competitive status he earned by examination, and the duties he lawfully performed in such status prior to reclassification. (*Matter of Aronson* v. *McCoy*, 33 A D 2d 183, 186, app. dsmd. 27 N Y 2d 613.) The test is what respondent did within the title of his former classification, as compared with the duties under the new classification without regard to the duties performed out of title. (*Matter of Ainsberg* v. *McCoy*, 26 N Y 2d 56.) While the allegations in the petition as to the duties performed by respondent appear to be conclusions of fact tailored to the title specifications of Court Clerk III, the duties performed by respondent prior to reclassification are fully set forth in the "Existing Position Description" report completed by him on May 14, 1963 and attached to the affidavit submitted

by appellant. The only evidence of additional duties performed subsequent to the 1963 report is the assignment of respondent to Special Term part for matrimonials where the volume of work increased after September, 1967. The underlying test is whether the duties performed by respondent prior to July 1, 1966 come within the specifications for Court Clerk II or Court Clerk III. (*Matter of Grilihas* v. *McCoy*, 35 A D 2d 1060.) Comparing the duties performed by respondent prior to reclassification, as set forth by him in the 1963 report, with the duties of Court Clerk II and Court Clerk III, we conclude that the duties performed by respondent prior to reclassification do not fit the classification of Court Clerk III, and that he was properly classified as of July 1, 1966, a Court Clerk II. (*Matter of Strahl* v. *McCoy*, 37 A D 2d 667.) Judgment reversed, on the law and the facts, and petition dismissed, without costs. Reynolds, J. P., Aulisi, Staley, Jr., Sweeney and Simons, JJ., concur.